IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 14 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| ALAN WADE JOHNSON, § § § Plaintiff, § § § VS. § § DIRECTOR, Federal Bureau of § Alcohol, Tobacco, Firearms, § and Explosives; RESIDENT AGENT § IN-CHARGE, El Paso, TX, Federal § Bureau of Alochol, Tobacco, § Firearms and Explosives; CHIEF § COUNSEL, Disclosure Division, § Federal Bureau of Alcohol, § Firearms and Explosives; and § UNITED STATES OF AMERICA, § § Defendants. § § | Case: 1:15-cv-01678 Assigned To : Howell, Beryl A. Assign. Date : 10/14/2015 Description: FOIA/ Privacy Act (I) COMPLAINT |

### NATURE OF CASE

1.  This is a suit brought under the Freedom of Information Act (**Title 5 U.S.C. §552**) and Privacy Act (**Title 5 U.S.C. §552a**) to compel disclosure to the Plaintiff the requested information to his three(3) Freedom of Information (hereinafter FOIA) and Privacy Act (hereinafter PA) requests Numbered 13-250, 13-820 and 13-1005, and would show the Court the following in support:

### PARTIES

2.  **Plaintiff** is ALAN WADE JOHNSON, Pro-se, incarcerated at the U.S.P. Atlanta, mailing address P.O. Box 150160, Atlanta, GA 30315-0160.

RECEIVED
SEP 14 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

3. **Defendant** is the Director of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, is an agency of the United States of America, 99 New York Avenue, N.W., Washington, D.C. 20226.

4. **Defendant** is the Resident Agent-In-Charge of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, is an agency of the United States of America, 310 North Mesa, Suite 800, El Paso, Texas 79901.

5. **Defendant** is the Chief Counsel, Disclosure Division of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, is an agency of the United States of America, 99 New York Avenue, N.E., Suite 1E400, Washington, D.C. 20226.

## JURISDICTION AND VENUE

6. This action arises under the FREEDOM OF INFORMATION ACT ("FOIA"), Title 5 U.S.C. § 552 and the PRIVACY ACT ("PA"), Title 5 U.S.C. § 552a.

7. This Court has jurisdiction over the parties and subject matter pursuant to Title 5 U.S.C. § 552(a)(4)(B) and Title 5 U.S.C. § 552a(g)(1)(B).

8. Venue is proper in this District Court pursuant to Titles 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5).

## STATEMENT OF FACTS

9. Plaintiff is an inmate incarcerated in the United States Penitentiary, Atlanta, GA, serving a 288-Month sentence for Firearm

offenses in Criminal Case No. 93-CR-460H, from the United States District Court, for the Western District of Texas, El Paso Division. Finding of guilt resulted from a jury trial; which Plaintiff was sentenced in September 1995. His federal sentence did <u>not</u> begin until October 8, 2012, when he finished serving 22-years of a life sentence in the Texas prison system (**federal sentence was consecutive to state sentence**).

10.  Plaintiff began serving his sentence at FCI Three Rivers, Texas. He submitted three(3) FOIA and PA requests to the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. He also enlisted the assistance of the Office of Government Information Services with his three(3) FOIA and PA requests numbered 13-250, 13-820 and 13-1005 requested in 2013.

11.  Federal Bureau of Alcohol, Tobacco, Firearms and Explosives had previously released records requested in 2000 while Plaintiff was in Texas Department of Criminal Justice. However, these disclosed records were <u>not</u> related, nor duplicate of his requests thirteen(13) years earlier.

12.  Federal Bureau of Alcohol, Tobacco, Firearms and Explosives have consistently delayed responses, and denied disclosure upon the pretext his request(s) were duplicate of those documents released in 2000. This is false and misleading...the ATF does <u>not</u> have a copy of what was disclosed to me, because it no longer exists in the version in which it was sent. At the time the ATF disclosed documents to me in the year 2000, they used a special printer that

converted the red or pink highlighted material into white-out redactions. ATF **no longer** uses that redaction system, and that the heavy workload, including the processing of a significant baklog of FOIA requests, prevent the agency from repocessing Plaintiff's request(s).

13. Plaintiff's request(s) (**See Attached**) are specific to what is requested by him. In request 13-1005, he asked for Expedited Processing, and his request was **not** a duplicate request for same information requested and disclosed in the year 2000 to Plaintiff.

14. ATF has stated they responded to Plaintiff's request(s) on April 4, 2014 and April 30, 2013. However, **no information** requested has been disclosed. By stating they have responded **does not** mean any disclosure has been made.

## CLAIM FOR RELIEF

15. On November 14, 2012, Plaintiff submitted three(3) enumerated requests for records under the FOIA and PA to the Resident Agent-In-Charge of the ATF resident office in El Paso, Texas. A true and correct copy is attached to this complaint and incorporated by reference in it as Exhibit "A."

16. On November 21, 2012, Plaintiff submitted four(4) enumerated requests for records under the FOIA and PA to the Director, Federal Bureau of Alcohol, Tobacco, Firearms and Explosves. A true and correct copy is attached to this complaint and incorporated by reference in it as Exhibit "B."

17. On June 12, 2013, Plaintiff submitted seven(7) enumerated

requests to the Chief Counsel, Disclosure Division of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives by Certified Mail No. 7012 3050 0002 0410 0315. A true and correct copy is attached to this complaint and incorporated by reference in it as Exhibit "C."

18. On August 14, 2014, Matthew W. Hurd, Attorney Advisor, United States Department of Justice, Office of Information Policy, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001, advised me in a two-page letter my appeal process was exhausted in ATF FOIA/PA Requests enumerated 13-250, 13-820 and 13-1005. A true and correct copy is attached to this complaint and incorporated in it by Exhibit "D."

19. On March 4, 2015, Stephanie M. Boucher, Chief, Disclosure Division of the ATF, advised Plaintiff by letter that his Request No. 13-1005 was closed. A true and correct copy is attached to this complaint and incorporated in it by Exhibit "E."

20. Plaintiff sought records from the ATF. They refused to disclose the requested information.

21. Plaintiff has been aggrieved and damaged by the action(s) and inaction(s) of the Defendants in acting or failing to act in their official capacity by refusing Plaintiff's written requests for disclosure under the FOIA/PA.

22. Plaintiff has exhausted his administrative remedies to compel disclosure of such information.

23. The information sought by the Plaintiff cannot be complied independently by the Plaintiff and, unless this Honorable Court grants the relief requested and compels disclosure, the Plaintiff has no remedy at law or otherwise.

24. The information sought by the Plaintiff in its request(s) are **not** exempt from disclosure under the **FOIA/PA**.

25. The Defendants are required to undertake a search (**to review, manually or by automated means**) agency (**ATF**) records for the purpose of locating those records which are responsive to Plaintiff's **FOIA/PA** requests (**See Title 5 U.S.C. § 552(a)(3)(D)**). The Defendants are indeed obligated to show search was reasonably calculated to uncover all relevant records; which they **refused** to do.

26. Defendants have violated the tenet of the **FOIA/PA** by improperly withholding records to Plaintiff's request(s) alleged and incorporated by reference herein above.

27. The Plaintiff is entitled to the records sought in Exhibit(s) "A," "B" and "C," under the **FOIA/PA**.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court:

(A) Declare Defendants' failure to comply with **FOIA/PA** to be unlawful;

(B) Enjoin Defendants from withholding the records responsive to Plaintiff's **FOIA/PA** request(s) and otherwise Order all Defendants'

to produce the requested records without further delay;

**(C)** The Court grant judgment against the Defendants for the Plaintiff's reasonably attorney's fee (if one is appointed) and costs of litigation reasonably incurred by Plaintiff in this case; and

**(D)** The Court grant Plaintiff all other such further relief this Court believes he is entitled, is asked for in all things.

**DATE:** Sepember 8, 2015.

Respectfully submitted,

*/s/ Alan Wade Johnson*
Alan Wade Johnson, Plaintiff
Pro-se, Reg. No. 09541-079
U.S.P. Atlanta, A1-Unit
P.O. Box 150160
Atlanta, GA  30315-0160

### VERIFICATION

I swear under penalty of perjury the foregoing COMPLAINT under the **FOIA/PA** is true and correct of my own personal knowledge, and that which was not, I believe to be true.  This sworn is taken pursuant to Title 28 U.S.C. § 1746, executed this 8th day, of September, 2015.

*/s/ Alan Wade Johnson*
Alan Wade Johnson, Affiant

ATTACHED EXHIBITS -

Exhibit "A"

November 21, 2012

Mr. Alan Wade Johnson
Reg. No. 09541-079, Unit Karnes-B
Federal correctional Institution
P.O. Box 4200
Three Rivers, TX 78071

Director
Bureau of Alcohol, Tobacco and Firearms
99 New York Avenue, N.E.
Washington, DC 20226

Re: **FREEDOM OF INFORMATION /PRIVACY ACT REQUEST**

Dear Director:

This written communication is a formal request for documentation under your custody and control pursuant to the FREEDOM OF INFORMATION/PRIVACY ACTS. I request the following documentation within the 10-day time period allocated by law, and hereby request the time limit be enforced. The information sought is of public interest.

INFORMATION REQUESTED:

1). Copy of all your agency's policies, rules and regulations, that authorizes and/or permits your agency's agents and employees they do not have to comply with a state court Order to hand over official documents and/or evidence used in a state criminal prosecution.

2). Copy of any and all of your agency's directive(s), letters of instruction(s) and memo(s), that instruct your agency's agents and employees, that under color of law, they had the power to disregard state court Orders of expunction of documents and/or evidence.

3) Copy of any and all memos, letters, directives, reports, specifically utilized to inform the County of El Paso, State of Texas in the years 1995/1996, your agency did not have to comply with a STATE COURT ORDERED EXPUNCTION concerning Alan Wade Johnson, DOB:       , SSN:     -3991 related to documents and evidence in a capital murder prosecution.

4). The name and title of the person(s) who gave the instruction not to comply with the state court order of expunction enumerated in number 3 request above.

I am prepared to pay for the requested information. Should you claim any exceptions, please so state, and I request a vaughn index of records withheld.

Delay of this request will cause injury. Thank you.

Sincerely,

*Alan Wade Johnson*
ALAN WADE JOHNSON

cc: File ✓

Exhibit "B"

Mr. Alan Wade Johnson
Reg. No. 09541-079, Unit K-B
Federal Correctional Institution
P.O. Box 4200
Three Rivers, TX  78071
November 14, 2012

Resident Agent-In-Charge
ATF El Paso Field Office
310 North mesa, Suite 800
El Paso, TX  79901

Re: FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

Dear Resident Agent-In-Charge:

   This written request is a FREEDOM OF INFORMATION/PRIVACY ACT request. I request a clear copy of the following records located in your El Paso, Texas office, other ATF Field offices, including headquarters of the following documents in your custody and control:

1). Any and all letters, memos and reports from ATF personnel relating to the investigation of ALAN WADE JOHNSON, SSN:           3991, DOB:         , from January 30, 1990 through January 1998.

2). Any and all letters, memos, reports related to prosecuting ALAN WADE JOHNSON, SSN:       -3991, DOB:         related to any firearms and silencers.

3). Any letters, memos and reports, that states or implies that the ATF agency or other federal agencies do not have to comply with any Texas state court ordered "expunction" related to capital murder verdict of not guilty.

   I am prepared to pay for the requested records. Should any be denied, I request a Vaughn Index and specific exemption claimed.

   I request this request be handled within the 10-day limit in responding. This matter is urgent for timely access to the courts. Thank you.

                                                Sincerely,

                                                /s/ Alan Wade Johnson
                                                ALAN WADE JOHNSON

cc: File                                              RIGHT THUMB PRINT



Exhibit "C"

Mr. Alan Wade Johnson
Reg.No. 09541-079
Federal Correctional Institution
P.O. Box 4200, Karnes-B Unit
Three Rivers, TX 78071-9998
JUNE 12, 2013

**CERTIFIED MAIL No. 7012 3050 0002 0410 0315**
Return Receipt Requested

Chief Counsel, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms & Explosives
United States Department of Justice
99 New York Avenue, N.E., Suite 1E400
Washington, D.C.  20226

IDENTIFICATION OF REQUESTER
In Accordance with 28 CFR§16.41(d)

Re: DISCLOSURE OF ALL RECORDS REQUESTED HEREIN BELOW:
NAME OF DEFENDANT - ALAN WADE JOHNSON, DOB:
             SSN:          -3991
Case No. EP-93-CR-460H, Western District of Texas, El Paso
Division

Dear Chief Counsel:

   This request is made pursuant to the provisions of the Freedom of Information Act(Title 5 U.S.C. §552) and the Privacy Act (Title 5 U.S.C. §552(a) to compel full disclosure and release of all records and data contained in the files of your department in Headquarters and all Bureau offices in Texas and Oklahoma under my name, ATF Agents VICTOR MALDONADO, MANNY OLMOS and DAVE BARELA from January 1990 through September 30, 1995, in the federal prosecution in the above criminal case number and/or identifier to my name.

   I seek "expeditied" processing pursuant to subsection (a)(6)(E) of the FOIA. The post-conviction litigation is time sensitive due to recent discover of evidence. I suffer a concrete injury from my incarceration.

   I request a waiver of all fees originating from this request. Disclosure of the requested information is in the public interest, because it is likely to contribute significantly to public understanding of the operations and activities of the ATF office(s) and its agents. Should a waiver be denied, please cite specific reason(s) for denial. I am prepared to pay for the cost for reproducing the requested.

Page 1 of 3

I request _each_ of the below enumerated requests for records and date be separated from each other.

**REQUESTED RECORDS AND DATA:**

1). Copy of all findings, e-mails, letters, inter-agency memorandums, day-planners, notes, notices, recommendation and reports by Bureau Agents VICTOR MALDONADO, MANNY OLMOS and DAVE BARELA concerning Defendant Alan Wade Johnson related to obtaining "pen packets" of prior criminal records from the Texas Prison system, including handwritten notes;

2). Copy of all findings, e-mails, letters, inter-agency memorandums, day-planners, notes, notices, recommendations and reports of Bureau Agents VICTOR MALDONADO, MANNY OLMOS and DAVE BARELA, that affirm or deny the decision not to prosecute Defendant Alan Wade Johnson prior December 1, 1993, in conjunction with Assistant United States Attorneys;

3). Copy of all records (e-mails, letters, inter-agency memorandums, notices, notes, day-planner notes, notices, telephone logs, including handwritten) related to any meetings between Bureau Agents VICTOR MALDONADO, MANNY OLMOS and DAVE BARELA with any Assistant United States Attorneys and Assistant District Attorneys of El Paso County, Texas, concerning the prosecution of Defendant Alan Wade Johnson;

4). Copy of all records (e-mail, letters, inter-agency memorandums, notices, notes, day-planner notes, notes, notices, including handwritten notes), of all requests by the El Paso County, Texas District Attorney(s) to the ATF and/or its agents to prosecute individuals for felon in possession of firearms;

5). Copy of all records(e-mails, letters, inter-agency memorandums, notes, notices, day-planner notes, telephone logs, including hand written notes), that affirm or deny of meetings between Assistant District Attorney(s) KAREN SHOOK, GEORGE HAVLOVIC and/or JAMIE ESPARZA and Bureau Agents VICTOR MALDONDAO, MANNY OLMOS and DAVE BARELA related to the prosecution of Defendant Alan Wade Johnson "after" December 1, 1993;

6). Copy of all records (e-mails, letters, inter-agency memorandums, notices, notes, day-planner notes, including handwritten notes) that demonstrate the exact dates "pen packets" (criminal prior history) were received by Bureau Agents from the Texas prison system related to Defendant Alan Wade Johnson;

7). The current title, pay grade, business address of Bureau Agents VICTOR MALDONADO, MANNY OLMOS and DAVE BARELA.

It is further requested that your departments and or agency in response to all the information requested, specifically inform me if and to what governmental body and/or to whom and/or what "person" presviously described, has been released and/or disclosed any of the information and/or material requested herein, their name, title purpose and need for such information, the date of release, and the specific reference to authority statute or regulation governing such release or disclosure.  Title 5 U.S.C. §552a(b)(1)---(12), (C)(1)---(4), or law ABRAHAM & ROSE, P.L.C. VS U.S. 138 F.3d 1075(1998).

Pursuant to Title 5 U.S.C. §552(a)(6)(A)(i)...I expect your department to comply with time limits fromr eceipt of this request to provide me with the requested information.

Please let me thank you in advance for your attention and effort in processing this urgent FOIA/PA request.

Sincerely,

*Alan Wade Johnson*

ALAN WADE JOHNSON

Attachment (Form DOJ-361, completed & signed)

cc: File



**U.S. Department of Justice**

Office of Information Policy
Suite 11050
1425 New York Avenue, NW
Washington, DC 20530-0001

---

*Telephone: (202) 514-3642*

**August 14, 2014**

Mr. Alan W. Johnson   Re:  Appeal Nos. AP-2014-03656,
Register No. 09541-079          AP-2014-03657 & AP-2014-03658
United States Penitentiary      Request Nos. 13-250, 13-820 &
Post Office Box 150160          13-1005
Atlanta, GA 30315               MWH:ADF

**VIA: U.S. Mail**

Dear Mr. Johnson:

You attempted to appeal from the failure of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to respond to your requests for access to records concerning yourself.

Regarding Request Nos. 13-250 and 13-820, please be advised that ATF responded to your requests by letters dated April 4, 2014, and April 30, 2013, respectively (copies enclosed). Because ATF responded to your requests, there are no actions for this Office to consider on appeal, and I am closing Appeal Nos. AP-2014-03656 and AP-2014-03657 in this Office.

Regarding Request No. 13-1005, Department of Justice regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9(a) (2013). As no adverse determination has yet been made by ATF on Request No. 13-1005, there is no action for this Office to consider on appeal. Therefore, I am also closing Appeal No. AP-2014-03658.

As you may know, the Freedom of Information Act authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond. See 5 U.S.C. § 552(a)(6)(C)(i). However, I can assure you that this Office has contacted ATF and has been advised that Request No. 13-1005 is currently being processed. If you are dissatisfied with ATF's final response, you may appeal again to this Office.

*Received
8.18.14*

- 2 -

    This Office has forwarded a copy of your letter to ATF. You should contact ATF's Requester Service Center at (202) 648-8740 for further updates regarding the status of Request No. 13-1005.

                                 Sincerely,

                                 Sean R. O'Neill
                                 Chief
                                 Administrative Appeals Staff

By:

                                 Matthew W. Hurd
                                 Attorney Advisor
                                 Administrative Appeals Staff

Enclosures

**Exhibit "E"**



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

March 4, 2015                                                                 REFER TO: 13-1005

Mr. Alan Wade Johnson
Reg. No. 09541-079
Federal Correctional Institution
Post Office Box 4200, Karnes-B Unit
Three Rivers, Texas 78071-9998

Dear Mr. Johnson:

This is in response to your letters dated April 11, 2013, May 9, 2013, and June 12, 2013, wherein you request records that were previously processed under the provisions of the Freedom of Information Act (FOIA).

As these records have already been subject to the full process contemplated by the FOIA, (i.e. initial processing, agency appeal and judicial review, and all of your arguments have been fully considered therein, we are taking no further action on these requests and consider this matter closed.

Sincerely,

Stephanie M. Boucher
Chief, Disclosure Division